```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MARYLAND

IN RE: FAMILY OF CARE REAL      :
ESTATE HOLDING CO., INC.
_____

CHAPMAN PROPERTY LLC            :

     Appellant                  :

           v.                   :   Civil Action No. DKC 25-250

FAMILY OF CARE REAL ESTATE      :
HOLDING CO., INC., et al.
                                :
     Appellees
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this bankruptcy appeal is the emergency motion to stay the rejection order pending appeal filed by Appellant Chapman Property LLC ("Chapman" or "Appellant"). (ECF Nos. 3 and 14).[1] Appellees Family of Care Real Estate Holding Co., Inc. and Charles County Nursing and Rehabilitation Center, Inc. ("Debtors") oppose the motion. (ECF No. 4).[2] No reply has been filed and the time to do so has passed. The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the emergency motion for stay will be denied.

---

[1] Cases 25-CV-00250-DKC and 25-CV-00251-DKC were consolidated after this motion was filed, and the docket in Case No. 25-250 now reflects Chapman's identical motion as ECF No. 3 and ECF No. 14.

[2] Debtors' identical opposition is docketed as ECF No. 4 and ECF No. 15.

On February 7, 2025, the United States Bankruptcy Court for the District of Maryland denied Chapman's motion for stay pending appeal (ECF No. 3-7, Exhibit G to Chapman's motion),[3] and on February 21, 2025, Chapman filed this motion. (ECF No. 3). The bankruptcy case and this motion stem from underlying litigation over the prospective sale of Debtors' skilled nursing facility (the "Facility") to Chapman. The bankruptcy court's order denying Chapman's motion for stay pending appeal summarized the facts of this case and the procedural history, and this court incorporates those facts and procedural history.

> "Federal Rule of Bankruptcy Procedure 8007 provides that a party may seek a stay of a judgment, order, or decree of the bankruptcy court pending appeal." *Bate Land Co., LP v. Bate Land & Timber LLC*, 2016 WL 3582038, at *1 (E.D.N.C. June 27, 2016). "The party seeking such a stay must show: (1) that [she] will likely prevail on the merits of the appeal; (2) that [she] will suffer irreparable injury if the stay is denied; (3) that other parties will not be substantially harmed by the stay; and (4) that the public interest will be served by granting the stay." *Culver v. Boozer*, 285 B.R. 163, 166 (D.Md. 2002) (citing *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970)).

*In re Barnes*, No. 20-CV-0027-DKC, 2020 WL 134374, at *1 (D.Md. Jan. 13, 2020).

> In an appeal from Bankruptcy Court, this Court reviews factual findings for clear error and conclusions of law *de novo. Gold v. First Tenn. Bank Nat'l Ass'n (In re Taneja)*, 743 F.3d 423, 429 (4th Cir. 2014). A finding is

---

[3] The Federal Rules of Bankruptcy Procedure provide that "[o]rdinarily, a party must move first in the bankruptcy court for . . . a stay of the bankruptcy court's judgment, order, or decree pending appeal[.]" Fed. R. Bankr. P. 8007(a)(1)(A).

2

clearly erroneous only if, after reviewing the record, the reviewing court is left with "a firm and definite conviction that a mistake has been committed." *Klein v. PepsiCo, Inc.*, 845 F.2d 76, 79 (4th Cir. 1988).

*Rosen v. Goldstein*, No. 15-CV-3088-JKB, 2016 WL 4203847, at *1 (D.Md. Aug. 5, 2016).

Chapman has not shown it meets the four factors for granting a stay. The bankruptcy court applied this test and found that "the first, second, and third factors weigh heavily against granting Chapman's request for a stay pending appeal. The public interest factor appears to be a wash, if not slightly favoring denial of the stay." (ECF No. 3-7, at 7). This court agrees with the bankruptcy court's analysis of facts and conclusions of law.

Chapman argues that it is likely to succeed on the merits of the appeal because Debtors filed for bankruptcy to avoid selling the Facility to Chapman, and the bankruptcy cases were not filed in good faith. (ECF No. 3, at 5). As the bankruptcy court discussed, "rejection of executory contracts and sale of estate property are matters committed to the business judgment of the debtor-in-possession." (ECF No. 3-7, at 5). *See Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985) (abrogated by statute on other grounds)("The issue thereby presented for first instance judicial determination by the bankruptcy court is whether the decision of the debtor that rejection will be advantageous is so manifestly unreasonable that

3

it could not be based on sound business judgment, but only on bad faith, or whim or caprice.")  The bankruptcy court made a factual determination "that Debtors used sound business judgment" in rejecting the contract to sell the Facility to Chapman, and Chapman has not shown how the bankruptcy court's findings were clearly erroneous.  (ECF No. 3-7, at 5).

Chapman argues that it will suffer irreparable injury because "absent a stay pending appeal, Chapman's appeal rights will become moot when the Debtors close on the sale to [the other buyer]." (ECF No. 3, at 9).  Chapman does not cite to any authority in support of its argument.  The bankruptcy court found that "[a]bsent special circumstances, the sale of commercial property does not create an irreparable harm, since any harm due to the sale of the property or interference with the business can be remedied with monetary damages."  (ECF No. 3-7, at 6) (quoting *In re Am. Land Acquisition Corp.*, 2013 WL 2481534, at *7 (Bankr. E.D.N.Y. June 10, 2013)).  Additionally, this court has previously stated:

> Of course, Appellant may experience harm if the property in question is sold before an appeal, but this assertion alone does not establish irreparable harm. Appellant insists the harm is irreparable because a sale prior to an appeal will render his appeal moot. However, "an appeal being rendered moot does not itself constitute irreparable injury."

*Barnes*, 2020 WL 134374, at *2 (quoting *Rose v. Logan*, No. 13–CV–3592-RDB, 2014 WL 3616380, at *3 (D.Md. July 21, 2014)).  Chapman can receive monetary damages if it is entitled to damages;

4

therefore, Chapman has not shown that it will suffer irreparable injury.

Chapman contends that "beyond mere delay," the stay will not harm Debtors and their creditors. (ECF No. 3, at 10-11). The bankruptcy court found, however, that "Debtors and their creditors will be substantially harmed" because "a stay would significantly delay Debtors' ability to reorganize its operations, repay its creditors, and begin its fresh start." (ECF No. 3-7, at 6).

Finally, Chapman contends that granting a stay is in the public interest because it "not only preserves Chapman's appellate rights, but also carries out the purpose of Bankruptcy Rule 6004(h), which effectuates an automatic stay of sale orders so that parties have an ability to seek a stay pending appeal." (ECF No. 3, at 11). Additionally, Chapman contends that the regularity of nursing facilities sales, Chapman's experience in management transition, and "the fact that in a typical bankruptcy case the sale of a nursing facility would be opened up to bidding by multiple parties, there is no public interest to be served by insulating this Facility from potential ownership transition." (ECF No. 3, at 11-12). The bankruptcy court found that "the public interest would not be served by granting the stay." (ECF No. 3-7, at 6). This court agrees that there is a "public interest of preserving Debtors['] rights to reorganize in bankruptcy and to do so without unnecessary and substantial delay. Public interest

5

also favors maintaining continuity in operation of the [Facility], which will be maintained through the sale to [the other] [b]uyer." (ECF No. 3-7).

For the foregoing reasons, Chapman's emergency motion to stay the rejection order pending appeal will be denied.  A separate order will follow.

                                                                /s/
                                          DEBORAH K. CHASANOW
                                          United States District Judge